FILED

01/15/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 4, 2020 Session

## STATE OF TENNESSEE v. MICHAEL E. WHITE

**Appeal from the Circuit Court for Madison County**
No. 19-634    Roy B. Morgan, Jr., Judge

_____

### No. W2020-00857-CCA-R3-CD

_____

The defendant, Michael E. White, appeals the order of the trial court revoking his probation and ordering him to serve his original nine-year sentence in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation by imposing the original sentence. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Kendall F. Stivers, Assistant Public Defender, Tennessee District Public Defenders Conference, Franklin, Tennessee (on appeal), and George Morton Googe, District Public Defender and Jeremy B. Epperson, Assistant Public Defender, Jackson, Tennessee (at trial), for the appellant, Michael E. White.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Lee R. Sparks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

On December 9, 2019, the defendant pleaded guilty to possession of more than 0.5 grams of methamphetamine with intent to sell; possession of more than 0.5 grams of methamphetamine with intent to deliver; and violation of the vehicle registration law. *See* Tenn. Code Ann. §§ 39-17-343; 55-4-101. The defendant received a nine-year sentence with the Tennessee Department of Correction, suspended to supervised probation. The

terms of probation required, the defendant, in part, to pass random alcohol and drug screens and successfully comply with and complete the Jackson Day Reporting Center (DRC) Program. While on probation, the defendant only reported to the DRC five times over a three-month period. A probation violation report was filed on March 23, 2020. The report stated the defendant failed to report to the Jackson DRC as ordered by the court, failed to meet with his probation officer, and failed to complete the probation intake process. The trial court conducted a probation revocation hearing on May 19, 2020.

At the hearing, probation officer Altovise Jones testified she began supervising the defendant on December 9, 2019. The defendant came to the DRC program on December 10, 2019, and only reported five additional days. Despite his five appearances, the defendant incurred thirty-five unexcused absences between January 13, 2020, and March 18, 2020. Ms. Jones explained the allotted number of absences allowed in the program is determined on the reason and proof provided to justify the absence. The defendant only provided two excuses for his thirty-five absences.

Ms. Jones testified the defendant was drug tested during his probation intake and passed. However, he never completed the intake process, which was reset three different times at the defendant's convenience. The defendant admitted during a conversation with Ms. Jones that he was not finishing the intake process because he was using drugs.

Ms. Jones explained that she and the director of the DRC tried to make long-term inpatient treatment work for the defendant. They went to the defendant's home three times in an effort to convince the defendant to complete his probation intake. Each time, the defendant would agree to come to the DRC the next day, and they would arrange a time for him to meet with a forensic social worker to complete the necessary screening. The defendant, however, would never show up.

The defendant admitted to having thirty-five unexcused absences from the DRC program. However, he took issue with the State's claim that he only reported to DRC for five days. The defendant claimed there was documentation showing he attended the DRC program more than five days because he took more than five drug tests, and those tests were signed off on by a secretary at the DRC. The defendant also claimed he no longer needed treatment because "[he] is clean." He further admitted he did not attend the program because he was using drugs at the time, feared failing the program's drug screens, and was afraid of being arrested again.

At the close of proof, the trial court accredited the testimony of Ms. Jones, determined the defendant accumulated thirty-five unexcused absences at the DRC, and revoked the defendant's probation. Upon revocation, the trial court ordered the defendant

to serve the original nine-year sentence in the Tennessee Department of Correction. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the trial court erred "by assuming that the only option for punishing a probation violation was execution of the original sentence and incarceration." The State disagrees, asserting the trial court properly exercised its discretion in revoking the defendant's probation and ordering him to serve his original nine-year sentence in confinement. After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). "Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to: '(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years.'" *State v. Kennedy Fleming*, No. E2017-02352-CCA-R3-CD, 2018 WL 6787580, at *2 (Tenn. Crim. App. Dec. 26, 2018) (quoting *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citations omitted). "The determination of the proper consequences of the probation violation embodies a separate exercise of discretion." *Id.* (citing *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

Here, the record contains sufficient evidence to support the trial court's decision to revoke probation and order the defendant to serve the original sentence in confinement. On December 9, 2019, the defendant pled guilty to the delivery and sale of more than 0.5 grams of methamphetamine and violation of the vehicle registration law and received a

nine-year sentence to be served on supervised probation. As a condition of probation, the defendant was required to complete and comply with the Jackson DRC Program and submit to random drug and alcohol screens. The record contains a probation violation report establishing that the defendant had thirty-five unexcused absences on the following days: 1/13/20-1/16/20; 1/23/20; 1/27/20-1/30/20; 2/3/20-2/6/20; 2/10/20-2/13/20; 2/18/20-2/20/20; 2/24/20-2/27/20; 3/2/20-3/5/20; 3/9/20-3/12/20; 3/16/20-3/18/20. The report also states the defendant did not complete or comply with the DRC program, nor did he complete his probation intake process. The defendant does not challenge the underlying probation violation, and we conclude the record contains sufficient evidence to sustain the trial court's revocation order. Tenn. Code Ann. § 40-35-310, -311; *see Clyde Turner*, 2013 WL 5436718, at *2; *Shaffer*, 45 S.W.3d at 554.

The defendant instead asserts the trial court improperly reinstated his original sentence rather than reinstating his probation. However, the trial court found that the defendant willfully admitted to failing to report to probation thirty-five unexcused times, making him an improper candidate for the program. The trial court then determined the defendant violated probation before determining the proper penalty. After finding the violation, the trial court acknowledged the DRC's effort to get the defendant to comply with the program, stating "[w]e have tried. We have given you the best we got for the DRC." Additionally, the trial court found:

> The sworn testimony today is very clear that it's been established by a preponderance of the evidence that the [d]efendant missed these times unexcused, 35 times, and by his own testimony he admits to that. I give credibility to the testimony of Altovise Jones who has said what effort was made, special effort to try to get [the defendant] in, [went] to his house, everything short of coming back to court, and so every opportunity was given, and I believe that testimony today under oath.

Upon our review, we find no error in the trial court's decision to reinstate the defendant's original sentence. Once a violation of probation is found, a trial court can order the defendant to serve the original sentence. Tenn. Code Ann. § 40-35-310; *see Lewis*, 917 S.W.2d at 256. The record contains sufficient evidence that the defendant violated the terms of his probation as he admitted to the same. *Leach*, 914 S.W.2d at 106. Accordingly, the trial court acted within its discretion in ordering the defendant to serve the original sentence of nine years in the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-310; *Clyde Turner*, 2013 WL 5436718, at *2; *Lewis*, 917 S.W.2d at 256. The defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.


_____
J. ROSS DYER, JUDGE